**UNITED STATES of America,**
**Appellant,**

v.

**Benjamin BOLTZ, Defendant–Appellee.**

No. 03–1527.

United States Court of Appeals,
Second Circuit.

March 3, 2004.

---

* The Honorable Louis L. Stanton, United States District Judge for the Southern District of New York, sitting by designation.

Mary Clare Kane, Assistant United States Attorney for the Western District of New York (Michael A. Battle, United States Attorney, on the brief), Buffalo, NY, for Appellant.

Marianne Mariano, Federal Public Defender's Office, Western District of New York, Buffalo, NY, for Defendant–Appellee.

Present: STRAUB, B.D. PARKER, Circuit Judges, and STANTON, District Judge.*

---

> \* The Honorable Louis L. Stanton, United States District Judge for the Southern District of New York, sitting by designation.

## SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby VACATED and the case is REMANDED for appropriate resentencing proceedings.

On February 14, 2003, Defendant–Appellee Benjamin Boltz waived indictment and pleaded guilty, pursuant to a plea agreement, to one count of using a communication facility to commit a drug felony, in violation of 21 U.S.C. § 843(b). Prior to sentencing, Boltz filed a motion with the District Court, seeking an eight-level downward departure pursuant to U.S.S.G. § 5K2.0 based on his "extraordinary rehabilitation." In her affirmation in support of that motion, Boltz's attorney reviewed Boltz's relatively long history (given his youth) of substance abuse and generally documented his successful participation, after his arrest, in both the inpatient and outpatient phases of the High Impact Incarceration Program (HIIP)–an intensive substance abuse treatment program. Boltz's attorney indicated that Boltz suffered a relapse in February 2003 but that he has otherwise, both before and after that relapse, remained drug free. The government opposed Boltz's motion, arguing that Boltz's efforts at rehabilitation fell far shy of the level of extraordinariness required to justify such a departure.

At Boltz's sentencing on July 11, 2003, after hearing oral argument on the departure issue and after a short colloquy with the defendant, the District Court granted Boltz a twelve-level downward departure for extraordinary rehabilitation. As a result, Boltz was spared a sentence of incarceration and was sentenced, instead, to

five years' probation, including a six-month period of house detention with electronic monitoring.

At the sentencing, the District Court made no factual findings and articulated no oral statement of reasons in support of this ruling. There is nothing in the sentencing transcript or in the judgment that directly explains why the District Court found Boltz's rehabilitation to be "extraordinary." Nor is there any indication as to why the District Court downwardly departed *twelve* levels instead of just the eight or nine requested by Boltz. The entirety of the District Court's reasoning is found in the following sentences, which principally deal with the terms of Boltz's sentence and not the basis therefore:

> I'll give you a chance, Mr. Boltz ... to prove that you mean what you say. There will be a downward departure of 12 levels, and within that reduced level I'm going to not put you in prison this time. I'm going to sentence you to a period of five years of probation, first six months of that would be home–house detention and electronic monitoring. That will permit you to continue your work and your schooling. There will be drug and alcohol testing as needed, the right of the probation officer to search your person, your car, your home, at any time without a warrant. I'm going to waive the fine except I have to impose a 100–dollar special assessment.

> I do, however, warn you that you must pay attention to the terms of the probation. If you get in trouble and you're back in front of me, you will go to prison.

In the judgment, dated July 17, 2003, the District Court provided no additional information, stating merely that it had granted "[a] 12–level departure for extraordinary rehabilitation pursuant to § 5K2.0 to of-

fense level 5 and a guideline imprisonment range of 0–6 months."

On this appeal, the government argues that (1) the departure was unwarranted because Boltz's rehabilitative efforts were not sufficiently extraordinary; (2) the District Court erred by failing to state—either on the record at sentencing or in the judgment—its specific reasons for departing; and (3) the extent of the departure (twelve levels) was unreasonable.

It is certainly true that "a defendant's rehabilitative efforts can, in an appropriate case, warrant a downward departure." *United States v. Maier*, 975 F.2d 944, 945 (2d Cir.1992). We have emphasized, however, that such cases are "rare." *United States v. Bryson*, 163 F.3d 742, 746 (2d Cir.1998); *see also United States v. Leiva–Deras*, 359 F.3d 183, 192, 2004 WL 293292, at *8 (2d Cir.2004) ("The general presumption is that the defendant's circumstances are not unusual enough to justify departure."). In *Maier*, we affirmed a district court's extraordinary-rehabilitation departure after finding that the sentencing judge had "conscientiously examined all of the pertinent circumstances," including:

> the nature of the defendant's addition, the characteristics of the program she has entered, the progress she is making, the objective indications of her determination to rehabilitate herself, and her therapist's assessment of her progress toward rehabilitation and the hazards of interrupting that progress.

*Id.* at 948–49.

Although there was evidence submitted in this case by Boltz and his attorney that addressed some of these factors, the District Court provided neither an oral nor a written statement of the reasons or findings that persuaded it to find that Boltz's rehabilitation was "extraordinary." As such, we are unable to review, in any meaningful sense, whether the District

Court erred by granting Boltz an extraordinary-rehabilitation departure. *See United States v. Thorn*, 317 F.3d 107, 125–26 (2d Cir.) (explaining that § 3553(c) was "designed to facilitate the appellate review of sentencing decisions" (citation and internal quotation marks omitted)), *cert. denied*, —— U.S. ——, 123 S.Ct. 2232, 155 L.Ed.2d 1119 (2003); *see also Leiva–Deras*, 359 F.3d at 192–93, 2004 WL 293292, at *8. Nor did the District Court provide us with any means of evaluating the degree of the departure that was granted. *See United States v. Campbell*, 967 F.2d 20, 26–27 (2d Cir.1992) ("[T]he district court must make clear on the record how the court determined the magnitude of the departure.").

We addressed similar failures in *United States v. Evans*, 352 F.3d 65 (2d Cir.2003), where we explained that before granting a downward departure, "[t]here are ... procedural hurdles that a sentencing court must clear." *Id.* at 71. A district court must, at sentencing, "state 'in open court' the 'specific reason' for its departure" and must also state with specificity the reasons for departure in the written order of judgment and commitment. *Id.* at 71–72 (citing 18 U.S.C. § 3553(c)(2)). We agree with the government that the District Court's failure to provide a clear statement of the specific reasons and factual findings underpinning its departure requires that

we vacate Boltz's sentence and remand for resentencing.[1] *See id.* at 72; *Bryson*, 163 F.3d at 749 (2d Cir.1998) (remanding for "further development of the record so that the district court can make findings of fact as to the existence of [defendant's] extraordinary rehabilitation").

For the foregoing reasons, we VACATE the judgment of the District Court and REMAND the case for appropriate resentencing proceedings.

**ERMENEGILDO ZEGNA CORPORATION,**
**Petitioner,**

---

1. Boltz highlights the government's inexplicable failure to alert the District Court to these procedural errors. Even if we applied the plain error standard, as Boltz suggests, we would find the District Court's potential misapplication of the extraordinary-rehabilitation departure–to which the government did object–affects substantial rights and warrants exercise of our discretion. *Cf. United States v. Gordon*, 291 F.3d 181, 194–95 (2d Cir.2002) (remanding for resentencing where sentencing error created impermissible inequities between similarly situated defendants and "correcting the sentencing error on remand" would be relatively easy).

As to Boltz's harmless error argument, we do not find that this departure–which moved Boltz from a guidelines range of 27 to 33 months incarceration to a probation-eligible guidelines range of 0 to 6 months of incarceration–would, if indeed erroneous, be a harmless violation of the Sentencing Guidelines. *Cf. United States v. Tropiano*, 50 F.3d 157, 162 (2d Cir.1995) ("[W]e will vacate a sentence and remand for resentencing because of a misapplication of the Guidelines only if we determine that the error was not harmless.").